## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

### CASE NO:

MARCELO DE SOSUA,

      Plaintiff,

      v.

FARBER PARKING, LLC,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, MARCELO DE SOSUA ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendant, FARBER PARKING, LLC (hereinafter "FARBER PARKING" or "DEFENDANT"), and alleges as follows:

### INTRODUCTION

1.      Defendant unlawfully deprived Plaintiff of overtime wages during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendant refused to pay Plaintiff during the course of his employment.

### PARTIES

2.      During all times material hereto, Plaintiff was a resident of the Southern District of Florida, was over the age of 18 years, and was otherwise *sui juris*.

3.      During all times material hereto, Defendant was a Florida limited liability company doing business within the jurisdiction of this Honorable Court. Defendant is headquartered and operates its principal location at 470 Jefferson Drive, 203, Deerfield Beach, FL 33442.

4.      Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent hereto.

## JURISDICTION AND VENUE

5.      The acts and/or omissions giving rise to this dispute took place within Fort Lauderdale, Florida, which falls within the jurisdiction of this Honorable Court.

6.      Defendant regularly transacts business in Broward County, Florida. Therefore, jurisdiction is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

7.      Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## FLSA COVERAGE

8.      Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during Plaintiff's employment period.  More specifically, Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.  Accordingly, Defendant was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

9.      During his employment with Defendant, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, keys, paper receipts, pens, pencils, cash, paper, motor vehicles, tape, etc.

10.     Defendant regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant an enterprise covered by the FLSA.

11.     Defendant grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

## PLAINTIFF'S WORK FOR DEFENDANT

12.     Defendant is a parking and valet company that operates throughout South Florida.

13.     Defendant hired Plaintiff as a non-exempt, hourly valet parker in or around October 2021.

14.     Plaintiff's regular hourly rate was $15 per hour.

15.     Plaintiff worked an average of fifty (50) hours per week for Defendant.

16.     However, Defendant did not pay Plaintiff overtime wages when he worked more than forty (40) hours in at least one (1) workweek during his employment period.

17.     Moreover, even though Plaintiff and his co-workers received tips during their employment periods, Defendant required Plaintiff and his co-workers to surrender all of their tips to the company's management at the end of each shift.

18.     On or about November 8, 2021, Plaintiff complained that: (1) Defendant unlawfully pilfered Plaintiff's hard-earned tips; and (2) Defendant failed to pay Plaintiff overtime wages when he worked more than forty (40) hours in a workweek.

19.     On or about November 9, 2021, Defendant threatened to reduce Plaintiff's schedule.

20.     On or about November 10, 2021, Defendant terminated Plaintiff's employment.

21.     Defendant fired Plaintiff because he complained about Defendant's unlawful overtime and tip retention practices.

22.     Defendant's payroll records during the relevant time period do not accurately reflect the hours worked by Plaintiff.

23.     Moreover, Defendant did not maintain accurate time records during Plaintiff's employment period.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207

24.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 23 as though set forth fully herein.

25.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

26.     Defendant refused to compensate Plaintiff at the proper overtime rate of time-and-one-half his regular hourly rate for some hours worked in excess of forty (40) in one (1) or more workweeks during Plaintiff's employment period.

27.     Defendant willfully and intentionally refused to pay Plaintiff overtime wages.

28.     Defendant knew (or should have known) of the FLSA's overtime requirements but failed to comply with the FLSA.

29.     Defendant recklessly failed to investigate whether its payroll practices complied with the FLSA during the relevant time period.

30.     Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

31.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, MARCELO DE SOSUA, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, FARBER PARKING, LLC, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II – UNLAWFUL TIP RETENTION

32.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 23 as though set forth fully herein.

33.     Plaintiff customarily received tips as part of his compensation during his employment with Defendant.

34.     Pursuant to 29 U.S.C. § 203(m)(2)(B), "an employer may not keep tips received by its employees for any purposes, including allowing **managers or supervisors** to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

35.     During the relevant time period, Defendant required Plaintiff to surrender his tips to company management at the end of his work shifts.

36.     This policy that was enforced by Defendant and became unlawful on March 23, 2018.  Defendant nevertheless continued to enforce this policy after March 23, 2018, and on information and belief, still enforces this unlawful policy to this day.

37.     Plaintiff is entitled to receive all tips that he was required to surrender to Defendant during his employment period.

38.     Defendant's willful, intentional and egregious violations of federal wage law entitle Plaintiff to an additional amount of liquidated (or double) damages.

39.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, MARCELO DE SOSUA, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, FARBER PARKING, LLC, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT III – FLSA RETALIATION – 29 U.S.C. § 215

40.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 23 as though set forth fully herein.

41.     Pursuant to *29 U.S.C. § 215(a)(3)*, it is unlawful for any person or entity to **discharge or in any other manner discriminate against any employee because such employee has filed a complaint or caused to be instituted any proceeding under the FLSA**.

42.     Plaintiff engaged in protected activity under the FLSA by requesting his unpaid overtime wages and complaining about Defendant's unlawful tip retention policy.

43.     Defendant had knowledge of Plaintiff's protected activity.

44.     Defendant materially reduced Plaintiff's hours after Plaintiff requested his unpaid overtime wages and complained about Defendant's unlawful tip retention policy.

45.     Moreover, Defendant fired Plaintiff less than 48-hours after he requested his unpaid overtime wages and complained about Defendant's unlawful tip retention policy.

46.     The temporal proximity of Plaintiff's termination to Plaintiff's request for unpaid overtime wages and complaints about Defendant's unlawful pay policies creates a presumption that Plaintiff's protected activity was the direct cause of his termination.

47.     Any other justification given for Defendant's adverse actions against Plaintiff is pre-textual.

48.     Defendant's reduction of Plaintiff's hours constitutes unlawful retaliation and is prohibited under the FLSA.

49.     Defendant would not have reduced Plaintiff's hours or terminated Plaintiff if he did not engage in protected activity under the FLSA.

50.     Therefore, Defendant unlawfully discriminated against Plaintiff and terminated Plaintiff for engaging in protected activity under FLSA.

51.     As a result of the foregoing, Plaintiff has suffered damages including lost wages, emotional distress, loss of reputation, and other damages that will be proven at trial.

WHEREFORE, Plaintiff, MARCELO DE SOSUA, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, FARBER PARKING, LLC, and award Plaintiff: (a) back pay; (b) front pay; (c) damages arising from emotional distress and loss of reputation; (d) immediate reinstatement or wages in lieu of reinstatement in the event that reinstatement is not feasible; (e) reasonable attorney's fees and costs; and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, MARCELO DE SOSUA, demands a trial by jury on all appropriate claims.

**Dated this 29th day of November 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-**
**JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on November

29, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: